By the Chancellor.

To constitute usury, both parties must be consenting to the corrupt agreement; and it must proceed from, and be connected with, a treaty for the loan or forbearance of money, (Bristoe v. Gibson, 1 Call. Price v. Campbell, 2 Call,) nothing of which appears in this case; but it was urged, that the price at which the stock sold was sufficient evidence of usury; but certainly not, as bank stock, like tobacco or flour, or any other property, may be, from a variety of causes, worth more or less,' and a fair bona fide sale cannot be impeached on account of the price.. To all the *491 cases produced, one sufficient answer may be given, that, in every instance a loan of money was proposed, and, most dearly to avoid the statute, bank stock was advanced, or goods sold'at a price above the current value, and hence it was held to be usurious, and all this was correct; and although Skipwith wanted to raise money for a particular object, yet to borrow it, was not even hinted at by him, nor does it appear to have been thought of by the defendants or their broker. The proposition was made for the purchase of stock, unconnected with any thing like a loan ; and, as to forbearance, it is out of the question, for at the time of this transaction there was not any debt between these parties.
Bill dismissed with costs,